IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALLEN NICHOLS,<br><br>    Plaintiff,<br><br>  v.<br><br>M.S. EVANS, Warden, et al.,<br><br>    Defendants.<br>_____ | No. C 07-5625 MMC<br><br>**ORDER OF DISMISSAL** |

    On November 6, 2007, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

    Plaintiff alleges that in early 2007, officials at Salinas Valley State Prison ("SVSP") and at the Inmate Appeals Branch in Sacramento refused to grant his administrative appeals requesting a "Time Computation Review," even though plaintiff noted "exact mistakes on the release dates" that had been calculated at SVSP. Plaintiff, who now is incarcerated at Avenal State Prison, claims: "The jurisdiction is being exceeded causing unlawful imprisonment." (Complaint at 3.) He alleges the violation of his constitutional rights and seeks compensatory damages, as well as injunctive and declaratory relief.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff contends defendants refused to review his release date, which was calculated incorrectly at SVSP, thereby causing him to be held in prison beyond the correct date. These allegations do not state a claim for relief under § 1983. Plaintiff's damages claim is governed by the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id. Heck's rationale bars a claim for damages for harm caused by the miscalculation of a prisoner's release date, insofar as such miscalculation implicates the duration of the plaintiff's sentence. See Erlin v. United States, 364 F.3d 1127, 1130-33 (9th Cir. 2004) (holding civil action under Federal Tort Claims Act, involving negligent calculation of prisoner's release date, premature under Heck until prisoner elsewhere establishes right to release from custody); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (holding federal prisoner's constitutional claim for damages for harm caused by Bureau of Prison's miscalculation of sentence barred under Heck until prisoner succeeds in habeas petition challenging computation and duration of sentence). If plaintiff is successful here, the duration of his sentence and, consequently, the validity of his continued confinement would necessarily be implicated. Accordingly, the Court finds plaintiff's complaint fails to state a cognizable claim under § 1983 and must be dismissed. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (holding claim barred under Heck may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).

Further, to the extent plaintiff seeks an order from this Court requiring defendants either to recalculate his sentence or release him from prison, he must do so by filing a

2

petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")

For the foregoing reasons, the above-titled action is hereby DISMISSED without prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 2, 2008

_____
MAXINE M. CHESNEY
United States District Judge